## BARFIELD v. MACON COUNTY.

Following the decision of this court in *Smith* v. *Floyd County*, 85 *Ga.* 420, a right of action exists against a county for damaging private property for public uses in causing public roads to be worked or drained in such man-ner as to injure or damage the adjacent realty of a landed proprietor.

Submitted November 7,—Decided December 2, 1899.

Action for damages. Before Judge Littlejohn. Macon su-perior court. November term, 1898.

*W. G. Harrison, J. W. Haygood,* and *J. M. DuPree,* for plain-tiff. *Greer & Felton,* for defendant.

COBB, J. Mrs. Barfield brought suit against Macon County, alleging in her petition, in substance, as follows : She is the owner of certain described lots of land which lie adjacent to a public road of the county. In 1897 the hands summoned to work the public road under the control of the road overseer, who was representing the County of Macon and under its direc-tion, so changed the public road as that the water which had been accustomed to pond in the road overflowed her land and damaged her crops in a sum named. She complained to the commissioners of Macon County, but they paid no attention to her complaint. In 1898 the hands were again summoned to work the road, and, under the supervision of the road overseers, who were representing the County of Macon and acting under its direction, made further changes in the road, whereby her property was damaged, and by reason of such changes the water, which would not otherwise have flowed upon her land,

has overflowed the same and injured the land and thereby greatly reduced the market value of her property.  It is alleged that she presented her claim for damages to the county commissioners within twelve months from the time such damage accrued, and they refused to pay the same.  To this petition the defendant demurred upon the grounds, that it set forth no cause of action, and that there was no allegation that the defendant either did or authorized to be done by others the acts complained of, and that if any one was liable for the damage sustained by the plaintiff it was either the overseer or the road hands, or both, and not the defendant.  The demurrer was sustained, and the plaintiff excepted.

In the case of *Smith* v. *Floyd County*, 85 *Ga.* 420, it was held that, "Construing the constitution of 1877 and the code together, a right of action exists against a county for damaging private property for public uses in constructing the approaches to a county bridge, thereby elevating the roadway above an adjacent lot so as to hinder access to the lot from the road."  In the opinion Chief Justice Bleckley says: "Had the plaintiff's property been damaged in the mode alleged in his declaration, prior to the constitution of 1877, whether done by a city or a county, he would have had no right of action (*City of Atlanta* v. *Green*, 67 *Ga.* 386); but under that constitution, cities, counties, and all other public organizations are denied any power or right to cause such damages for public purposes without making compensation.  In this respect they are all upon an equal footing, and there is no reason for holding a county exempt from suit for acts done by it for objects within its legal competency, when a city, for like acts done within its legal competency, would not be exempt.  The constitution is no less directly applicable to the one than to the other."  The petition in terms alleges that the changes made by the road hands have diminished the market value of the plaintiff's property, and in effect alleges that these changes were made by the road hands under the direction and authority of the board of county commissioners of the county.  Such being the case, under the principle of the decision above cited the petition set forth a cause of action and should not have been dismissed

upon the demurrer filed thereto.   Whether the county would be liable for acts of the character complained of, when the same were done by the road hands under the direction of the road overseer, who derived his authority for giving such direction from the road commissioners of the district, and was not authorized in any way by the county commissioners of the county, is a question not-presented in the record.   See, in this connection, *Smith* v. *Wilkes County*, 79 *Ga.* 127.   The allegations in the petition are that the work was done by the road hands and overseer under the authority of the county commissioners themselves.   If the county commissioners authorize a change to be made in a public road whereby the property of an adjacent landowner is damaged, the county will be liable; and such is the case made by the plaintiff's petition. In such a case the measure of damages is the actual depreciation of the market value of the property caused by the work complained of; and in holding that the petition in the present case sets forth a cause of action, we desire to apply the rule laid down in the case of *Smith* v. *Floyd County*, cited above; and to that end we adopt the following language of Chief Justice Bleckley : "In holding that the declaration sets forth a cause of action, we are to be understood as sustaining it, not for the purpose of treating the work or its results as a nuisance to the plaintiff's premises, but only for the purpose of recovering damages for the exercise of the power of eminent domain. The work done is to be treated as rightful in all respects save in the omission to pay compensation.   And the measure of compensation is the actual depreciation in value (in the market value) of the plaintiff's premises, resulting from the work done and its effect upon the property."   See also, in this connection, *Moore* v. *Atlanta*, 70 *Ga.* 611 ; *Campbell* v. *Street Railroad Company*, 82 *Ga.* 320.

*Judgment reversed.   All the Justices concurring.*