## MAYOR & COUNCIL OF WAYCROSS *et al.* v. HOUK.

1. Although municipal authorities may have plenary powers in the matter of establishing a sewerage system for a city, they can not lawfully create, in connection therewith, a nuisance dangerous to life or health; and, when neces-

sary and proper, a court of equity will, at the instance of a citizen injuriously affected thereby, enjoin the maintenance of the same.

2. While in the present case a local board of commissioners may have had exclusive control over the sewerage system of the city, it was nevertheless the duty of the mayor and council to abate a nuisance such as that complained of, and they were properly held accountable for the maintenance thereof, notwithstanding they may not have been responsible for its creation.

Submitted June 24, — Decided July 20, 1901.

Injunction.    Before Judge Bennet.    Ware superior court.    May 4, 1901.

*Leon A. Wilson* and *John C. McDonald,* for plaintiffs in error.
*Toomer & Reynolds,* contra.

LUMPKIN, P. J.    The plaintiff below, Mrs. Virginia W. Houk, filed an equitable petition against the Sanitary and Waterworks Commissioners of the City of Waycross and the Mayor and Council of that city, the main purpose of which was to enjoin the defendants from continuing the location of the mouth of the main sewer of the city at a designated point near her premises, or from extending it, as was contemplated, so that the sewage would be discharged directly upon her land.    In this connection she alleged that the main sewer emptied into a small stream, within about six hundred feet of her premises, which was wholly incapable of carrying off the vast quantity of sewage discharged into it, and as a result the atmosphere of the neighborhood was permeated with "noxious gases, noisome odors, pestilential stenches, poisonous vapors," etc., which were dangerous to health and caused sickness among her tenants.    She further alleged that her damages would be irreparable if this state of affairs was permitted to continue, or matters were made worse by the proposed extension of the sewer and the discharge of its filth into a ditch which ran for half a mile through her lands.    The commissioners demurred to the plaintiff's petition on various grounds to the effect that, under the facts set forth, she was not entitled to the equitable relief sought.    The mayor and council demurred on the ground that they were improperly joined as defendants, for the reason that, as shown by legislative acts referred to in plaintiff's petition, the board of commissioners alone had control and supervision of the sewerage system of the city, and its mayor and council therefore had "no interest in the subject-matter in controversy."    Separate answers were also filed by these two defendants.    The evidence introduced on the in-

terlocutory hearing was voluminous and conflicting; and after considering the same in the light of the issues raised by the pleadings his honor of the trial bench granted an injunction as prayed for. To this action on his part the defendants excepted. The questions presented by the bill of exceptions sued out in their behalf will be briefly dealt with below.

1. We have no hesitancy in holding that under the facts alleged in the plaintiff's petition she was entitled to the equitable relief sought. In *Butler* v. *Thomasville*, 74 *Ga.* 570, it was distinctly ruled that: "When a municipal corporation is proceeding to lay sewers and discharge filthy sewage upon the land of a property-owner, which may probably cause injury to his health and sickness in his family, and where the nuisance is continuing and likely to be permanent, and the consequences are not barely possible but to a reasonable degree certain, a court of equity may interfere to arrest such nuisance before it is completed." And in *City of Atlanta* v. *Warnock*, 91 *Ga.* 210, this court decided that there was no abuse of discretion in granting a temporary injunction enjoining the city from continuing to maintain a nuisance already created. The nuisance complained of in that case consisted of "openings called manholes in a sewer located in a public street contiguous to the dwelling of a citizen, the manholes being allowed to emit poisonous gases in large quantities through perforated covers placed over them." A general grant of power to establish in a city a sewerage system does not carry with it any right on the part of a municipality to create and maintain a nuisance dangerous to life or health. *Holmes* v. *Atlanta*, ante, 761. Certainly, therefore, a flagrant abuse of power on the part of municipal authorities may, upon a proper petition filed by one having a peculiar interest in the matter, be enjoined before irreparable injury ensues. The evidence relied on by the plaintiff in the present case was such as to authorize the granting of the injunction prayed for.

2. It is insisted, however, that even if this be true as to the commissioners, the court erred in not holding that the mayor and council were improperly joined as defendants, for the reasons stated in the demurrer filed by them. Reliance is placed upon the decision of this court in *Griffin* v. *Railroad*, 72 *Ga.* 423, as authority for the proposition that: "A demurrer only admits such facts as are well pleaded, and where the bill alleges facts as true which are contra-

dicted by legislative acts and records of which the court is bound to take judicial notice, it can not hold such facts to be true, and they will not prevent the sustaining of the demurrer." It is accordingly urged that the trial judge should have taken judicial cognizance of the fact that the legislative acts referred to in the plaintiff's petition conferred upon the commissioners exclusive control over the sewer system of the city, and its mayor and council were clothed with no power and charged with no duty in the premises. A careful consideration of the allegations of the petition convinces us that, conceding the doctrine thus invoked to be perfectly sound, it had no real application to the present case. The alleged nuisance was one wholly within the corporate limits of the city, and it had sole power to abate it, acting through its mayor and council, and not through its board of commissioners. See *Smith* v. *Atlanta*, 75 *Ga.* 110. The plaintiff distinctly charged that, instead of complying with their official duty in the premises, the mayor and council actually refused to abate the nuisance and acted in conjunction with the commissioners in maintaining the same. If this be true, it can not be seriously doubted that, without respect to how or by whom the nuisance originated, the mayor and council can not lawfully be permitted to sanction it and keep it in existence, as the plaintiff undertook to allege and actually proved to the satisfaction of the court below. For aught that appears, the granting of the injunction against them was eminently proper, and they have no cause of complaint that the trial judge held them accountable for the maintenance of the alleged nuisance, notwithstanding they may not have been responsible for its creation.

*Judgment affirmed.    All the Justices concurring.*