21875.   CITY OF ATLANTA et al. v. WILLIAMS.

ARGUED SEPTEMBER 14, 1962—DECIDED OCTOBER 4, 1962.

*J. C. Savage, Martin McFarland,* for plaintiffs in error.
*William Hall, Charles A. Williams,* contra.

ALMAND, Justice.   The judgment under review is the grant of
an interlocutory injunction.   On the hearing, the evidence con-
sisted of the pleadings and affidavits of witnesses which disclose,
on behalf of the plaintiff, Williams, that he owns and resides on
the premises at 1970 Dodson Drive in the City of Atlanta, near
the intersection of Campbellton Road and Dodson Drive; that
the rain and surface water falling on the paved streets in this
area of the two streets flow to catch basins or sewer drains
located adjacent to the Williams' property from whence it is
carried by an underground pipe and discharged upon open
ground about six (6) feet below the level of the streets and then
flows into a ditch which runs through the rear of the Williams'
lot; that the surface waters collect waste, trash and filth which
are discharged in the drain ditch on or near the Williams' lot
and that after heavy rains which cause overflows, small pools
of water are left on the Williams' property which become stag-
nant and are breeding places for mosquitos and give off foul,
offensive and obnoxious odors; that near the drain ditch are
several large trees and the heavy flow of rain water has washed
the soil from around the trunks and roots of said trees.

The evidence on behalf of the city was that the catch basins

or sewer drains near the Williams' property were installed by Fulton County more, than twenty (20) years ago at a time before this area was incorporated into the City of Atlanta in 1952, and that ever since their installation the surface waters flowing on these streets have emptied into the storm ditch; that the drainage of waters from these two streets into the ditch and thence into a natural stream of water followed the natural topography of the area; that upon inspection by engineers and health officials, no pollution of the waters was found, no foul odors detected nor any noticeable erosion of the trees discovered; and that the sewer catch basins were standard in type and construction and were sufficient to catch the surface waters without an overflow. There was evidence which disputed Williams' claim that the water in the drain ditch or its overflow was injuring his property.

■ The main contention of the city is that the evidence demanded a finding that under the provisions of *Code* § 85-409 ("An incorporeal right which may be lawfully granted, as a right of way or the right to throw water upon the land of another, may be acquired by prescription."), the city had acquired by prescription the right to use the drains and ditches for the drainage of the surface waters from the public streets and therefore the interlocutory injunction was erroneous. The trial judge in his order found as a matter of fact that the element of adverse use did not appear, as there was no evidence that the use by the county and city was not a permissive one.

As we view the petition and evidence of Williams, there is no contention by him as to the right of the city to use the drainage ditch which runs through his property for the purposes of carrying off the surface waters; but his complaint is that the city does not maintain the drainage ditch in such a manner as to prevent the surface waters from *overflowing* onto his property to his hurt and injury. Conceding that the city had by a use of this ditch for twenty (20) years acquired an easement by prescription, the evidence did not demand a finding that for twenty (20) years there had been a continuous *overflow* of the waters from the ditch onto the Williams' property. If the city claims a right to use the drainage ditch then it is under a duty to maintain

it so that the content and flow of surface waters would not overflow to the damage of the adjacent property owners. See *Goble v. L. & N. R. Co.*, 187 Ga. 243 (200 SE 259).

On conflicting evidence the trial judge did not abuse his discretion in the grant of an interlocutory injunction restraining the city from casting the surface waters immediately and directly upon the land adjoining the drainage ditch so that the waters so cast would flow upon the Williams' lot.

■ The order of the trial judge was as follows: "Defendant city and the individual defendants acting for said city, and all persons acting for said defendants, are restrained and enjoined until the final trial of this case (1) from casting surface waters from the storm drain located at the curbing on the northeasterly edge of Dodson Drive as described in plaintiff's petition and particularly in paragraph 12 thereof so as thereafter to flow onto petitioner's property described in said petition, and, also, (2) from casting surface waters from the underground pipe the mouth of which is located below the level of the intersection of the southeast corner of Dodson Drive and Campbellton Road, said pipe and the mouth thereof being more particularly described in plaintiff's petition, so as thereafter to flow onto petitioner's property described in said petition." The city contends that this order was mandatory and in violation of *Code* § 55-110. We disagree. Although the order may require the city to perform some act to prevent the surface waters in the ditch from overflowing, nevertheless by its terms the order does not give mandatory direction. The provisions of the order are supported by the rulings in *Goodrich v. Georgia R. & Bkg. Co.*, 115 Ga. 340 (41 SE 659); *Oostanaula Mining Co. v. Miller*, 145 Ga. 90 (88 SE 562); *City of Atlanta v. Warnock*, 91 Ga. 210 (18 SE 135, 23 LRA 301, 44 ASR 17); and *Rinzler v. Folsom*, 209 Ga. 549 (74 SE2d 661).

The trial court did not abuse its discretion in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*