23918. DEKALB COUNTY v. McFARLAND et al.

SUBMITTED FEBRUARY 14, 1967—DECIDED MARCH 9, 1967.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

. *Murphy, McFarland & Turoff, Martin McFarland,* for appellees.

ALMAND, Presiding Justice. The sole question raised by this appeal is whether or not the appellee's two-count petition seeking legal and equitable relief is subject to the appellant's general demurrer.

In a two-count petition with Count 1 against DeKalb County and its Board of County Commissioners and with Count 2 against the county, its commissioners, the City of Decatur and its commissioners, Martin McFarland sought to recover a money judgment for damages done to his improved real estate abutting Midway Road; to enjoin the defendants "from allowing any waters to be unnaturally diverted from" Midway Road and unnaturally diverted onto the plaintiff's land; and to enjoin the defendants from allowing a continuing nuisance to exist. Plaintiff alleged that he is the owner of the improved property abutting Midway Road, a public road, with the portion complained of being partially within the confines of DeKalb County and partially within the City of Decatur and that within four years preceding the filing of the suit, "DeKalb County, through its governing authorities, constructed said spillway on the north side of Midway Road, a distance of thirty-six feet easterly from plaintiff's property. That said spillway is a width of approximately four and one-half feet wide. That the spillway is so constructed that it goes downhill and is designed to empty unnaturally diverted waters from Midway Road into a ditch along a frontal portion of plaintiff's lot. That said ditch goes underneath plaintiff's concrete driveway which leads from his carport, and then said ditch proceeds in a westerly direction across the frontal portion of plaintiff's lot. That as the said ditch continues along the frontal portion of the lot, the same then gradually spreads out into an eroded area caused by said diverted waters on plaintiff's front yard and leads into Shoal Creek, which flood waters unlawfully traverse plaintiff's lot.

"Plaintiff shows, on information and belief, that the County

of DeKalb and those sued herein, in their official capacities, caused, through their agents and servants, said spillway to be constructed so that all of the rain and other waste waters rolling downhill on Midway Road from east to west dumps into said spillway, then runs the course of said ditch until the same reaches plaintiff's concrete driveway. That all of said street. waste waters channeled on plaintiff's lot then with moderate to heavy rain, forms a hydraulic jump of some five to six feet high when it hits plaintiff's concrete driveway. That when the water at this point jumps up some five or six feet high at plaintiff's driveway, the same then spreads out across plaintiff's driveway, goes underneath plaintiff's driveway and then spills down into plaintiff's driveway to the point that the said waste waters and debris floods plaintiff's driveway and carport to such an extent that generally the carport is flooded to a height of two to four feet deep in water, resultant of a moderate to heavy rain.

"That the contaminated filthy surface waters and waste directed on plaintiff's land through said spillway and ditch then proceed to flow in a westerly direction over the frontal portion of plaintiff's lot. That this has caused and continues to cause serious erosion and loss of land which spreads out a distance of twenty to forty feet and to a depth of one to five feet. That this causes plaintiff's property to become a dumping ground for the filthy surface waters and waste from Midway Road. That the same floods the frontal portion of said lot. That this is a continuing nuisance.

"Plaintiff shows that the said surface waters that fall on Midway Road from the eastern top of the hill flow in a westerly direction downhill for one-third of a mile, then said waters enter said ill-designed and constructed spillway, then flow on to plaintiff's land, causing the same to be flooded dangerously some one to three feet across the frontal portion of said lot, and causes unsightly debris and trash to be brought upon plaintiff's land and has caused his lands to become eroded. That this constitutes a continuing nuisance."

Plaintiff also alleged that the county had constructed a ditch on the south side of Midway Road and culvert under the road, causing surface water to flow over and under the road flooding

his property. Plaintiff enumerated specific days within the twelve months preceding the filing of his claim in which his land had been damaged by flood waters from ordinary rainfalls. Plaintiff contended the county had violated his rights under Art. I, Sec. III, Par. I of the Georgia Constitution in that it had damaged his land and improvements thereon by .flooding and eroding the same without paying him just and adequate compensation, setting out in detail the amounts of damage done to his property. Further, plaintiff alleged that more than thirty days prior to the filing of his suit he had given written notice to the county and its board of commissioners giving the time, place, extent and amount of damage he claimed.

The defendant county and its board of commissioners filed a general demurrer to the petition as a whole which was overruled.

The county maintains that the petition was subject to a general demurrer because the county can not be held liable for maintaining a nuisance, and the petition failed to allege that any damage or injury was done within twelve months prior to giving notice to the county banning the claim under the provisions of *Code* § 23-1602.

■ "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Blaylock v. Hackel,* 164 Ga. 257 (5) (138 SE 333). "If a petition alleges a cause of action at law, whether or not it alleges a cause of action for equitable relief prayed for, it is not demurrable on the general grounds that it sets forth no cause of action and that there is no equity in the petition." *Smith v. Manning,* 155 Ga. 209 (1) (116 SE 813).

■ The petition under the full-bench decision in *Nalley v. Carroll County,* 135 Ga. 835 (70 SE 788), states a cause of action for legal relief. It was held in that case: "An owner of land brought suit on March 14, 1908, against Carroll County and W. W. Nichols, for damages, making, among others, the following allegations: Nichols, acting 'in concert' with the county

and 'with the consent and direction and with the authority of the ordinary' of the county, 'who had control of the public roads' of the county, placed rock in 1903 in one of the county's public roads where it crossed a stream, thereby causing the water to overflow the lands of the plaintiff during the spring and summer of the following year, and each year thereafter, each of which overflows caused damage to the plaintiff. 'That said partial dam aforesaid is a nuisance to petitioner and to the public in general, and the defendants are maintaining said nuisance negligently and to the petitioner's damage as aforesaid.' Held: (a) The petition, properly construed, was a suit for damages caused by a maintenance of the alleged nuisance, and not for its creation. (b) It being alleged that the county and Nichols maintained the alleged nuisance on one of the county's public roads, both defendants were liable, under the allegations of the petition, to the plaintiff for damages caused by the overflows arising from the maintenance of the nuisance each year after its creation." Ibid. It also held: "Damages resulting from the overflows which occurred within twelve months prior to the bringing of the suit would be recoverable against the county. Damages from the overflows occurring prior thereto would be barred as against the county, where no notice of a claim therefor was given it in accordance with the provisions of the Civil Code (1910), § 411." Id. at 837.

The plaintiff in the instant case alleges that the county's action in constructing a spillway and digging a ditch along the road resulted in the flooding of his lands each year since their construction with specific damages to his property within the twelve months preceding his giving notice to the county. The petition also alleges that the maintenance of this continuing nuisance amounts to a taking of his property by the county without paying him compensation. For further support of our ruling see *Dougherty County v. Hornsby,* 213 Ga. 114 (97 SE2d 300); *Barfield v. Macon County,* 109 Ga. 386 (34 SE 596); *Smith v. Floyd County,* 85 Ga. 420 (11 SE 850); *Richmond County v. Williams,* 109 Ga. App. 670 (137 SE2d 343); *Sheehan v. Richmond County,* 100 Ga. App. 496 (111 SE2d 924); *Clarke County School District v. Madden,* 99 Ga. App. 670 (110

SE2d 47) ; and *Gwinnett County v. Allen,* 56 Ga. App. 753 (194 SE 38).

If our ruling in this case is contrary to what was held in *Floyd County v. Fincher,* 169 Ga. 460 (150 SE 577), the rule made in that case was not by a full bench, and we are bound by the full-bench decision in *Nalley v. Carroll County,* 135 Ga. 835, supra.

It was not error to overrule the general demurrer.

*Judgment affirmed. All the Justices concur.*