24695. McFARLAND v. DEKALB COUNTY et al.

DUCKWORTH, Chief Justice. This is an action for damages and to enjoin a continuing trespass by reason of the taking and damaging of private property by governmental agencies dumping in increased quantities and in a different manner than previously thereto quantities of surface water which would have flowed on said property by reason of gravity from the upper areas adjoining said property. On the first appearance of the case, *DeKalb County v. McFarland*, 223 Ga. 196 (154 SE2d 203), this court merely held that if a petition alleges a cause of action for any relief it will withstand a general demurrer and that in this instance the petition did allege a cause of action for legal relief. Thereafter, on the trial of the case the lower court eliminated the equitable and injunctive features of the case and allowed the jury only to consider the question of damages to the petitioner for a set period of time. *Held:*

1. The lower court erred in not allowing the petitioner to prove

his case as alleged and in not allowing the jury to consider the question of whether or not the plaintiff was entitled to equitable relief to stop the alleged trespass and nuisance which was continuing in nature upon his property. A question of fact was shown as to whether or not these governmental agencies named as defendants had concentrated and collected surface water in greater quantity than in prior years and caused it to flow upon or back up upon the lot of the plaintiff in greater quantity and in a manner different from that in which the waters had been received from the upper areas by gravitation. Such activity would be a continuing nuisance authorizing a court of equity to restrain it and to require the defendants to cease and desist until and unless it was condemned for public purposes. The court erred in failing to charge on the injunctive features of the case. *Georgia R. & Bkg. Co. v. Bohler*, 98 Ga. 184 (26 SE 739); *Cox v. Martin*, 207 Ga. 442 (62 SE2d 164); *Rinzler v. Folsom*, 209 Ga. 549, 552 (74 SE2d 661).

2. The court erred in refusing to allow the evidence in support of petitioner's amendments as to damages occurring since the filing of the suit inasmuch as the case was one in equity and in restricting the damages to a definite time, since the court had before it the entire case at the time in order to avoid a multiplicity of suits. The measure of damages cannot be determined until it has been established that (1) there exists a nuisance and continuing trespass; and (2) it is not temporary and not abatable but permanent. These issues determine the charge on the measure of damages. *Danielly v. Cheeves*, 94 Ga. 263, 269 (21 SE 524); *Langley v. City Council of Augusta*, 118 Ga. 590, 591 (45 SE 486, 98 ASR 133); *City of Macon v. Roy*, 34 Ga. App. 603 (130 SE 700). Therefore the court erred in ruling out the consideration of the special damages both in the original petition and in the amendments. *Mitchell County v. Hudspeth*, 151 Ga. 767 (108 SE 305).

3. While the municipal authorities may have obtained an easement to dump surface water on plaintiff's property, nevertheless it would not have the right to increase the quantity of water amounting to the destruction of the plaintiff's property; and all charges in support of the right of the municipal authorities to maintain and build streets, sewers and drainage systems would have no bearing on the case since the case is

not one in tort for negligence but for the resulting alleged nuisance. The court erred in charging on the duty of the municipalities, discretionary acts, proper maintenance and construction and negligence. *Ingram v. City of Acworth,* 90 Ga. App. 719 (84 SE2d 99); *City Council of Augusta v. Marks,* 124 Ga. 365 (52 SE 539); *Bell v. Mayor &c. of Savannah,* 139 Ga. 298 (77 SE 165); *Bass Canning Co. v. Mayor &c. of Milledgeville,* 174 Ga. 222 (162 SE 687); *Delta Air Corp. v. Kersey,* 193 Ga. 862, 870 (20 SE2d 245, 140 ALR 1352).

4. The map of the streets of Decatur which showed the location of the property in question and the surrounding streets was properly identified for the purposes for which it was offered in evidence and it should not have been excluded because the maker stated he had revised it from an earlier plat which he failed to prepare and did not measure the distances to determine their accuracy. *Georgia R. & Bkg. Co. v. City of Atlanta,* 134 Ga. 871 (2) (68 SE 703). The court erred in excluding the map as evidence.

5. The other grounds alleging error by the court in refusing to charge are either argumentative, were as to matter already covered in the charge, or may not occur again on a new trial; hence no further ruling will be made on these alleged errors in refusing to give the requested charges. However, for all the reasons stated above a new trial will be required.

*Judgment reversed. All the Justices concur.*

Argued June 11, 1968—Decided September 23, 1968— Rehearing denied October 10, 1968.

*Murphy, McFarland & Turoff, Martin McFarland,* for appellant.

*William E. Zachary, Sr., Robert E. Mozley, George P. Dillard, Herbert O. Edwards,* for appellees.