## 28849. BARANAN v. FULTON COUNTY.

ARGUED MAY 14, 1974 — DECIDED OCTOBER 1, 1974.

*Thomas H. Antonion,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for appellee.

GRICE, Chief Justice.

Aaron Baranan appeals from the denial of an interlocutory injunction in his action in the Superior Court of Fulton County seeking temporary restraining order and permanent injunction against Fulton County.

The appellant alleged that the appellee is making certain changes in its drainage system in the vicinity of his property which will have the effect of increasing the flow of surface water on his property, and will cause a continuing trespass on his property.

The following facts were developed by the evidence at the hearing: Fulton County determined that it was necessary for public purposes to make changes in the drainage system of the surface waters falling on Powers Ferry Road and Rebel Trail. The appellant's residence is adjacent to Rebel Trail, which intersects Powers Ferry Road a short distance from his property. The changes made by the county consist of the removal of a hump or berm at the intersection of Powers Ferry Road and Rebel Trail which formerly prevented large quantities of the water flowing down Powers Ferry Road from entering Rebel Trail and thereafter flowing across the appellant's property; the installation of a catch basin on each side of Powers Ferry Road at its intersection with Rebel Trail to remove the surface water from Powers Ferry Road; and the installation of a 24-inch pipe, to replace a 12-inch pipe, which will discharge surface water on the appellant's property.

The trial judge in his findings of fact stated in part: "As a result of this change in the drainage system more water will flow across plaintiff's property than before the change. No part of the property of plaintiff will be taken for the change in the drainage system . . . The damages of which plaintiff complains are anticipated incidental or consequential damages which may result from this increased flow of water."

The trial judge concluded as a matter of law that an injunction will not lie to prevent county authorities from maintaining a public road because of threatened consequential damages to a property owner, where no part of his property is taken, and that the only redress the property owner has is to bring an action for any damages which may occur.

The appellant argues that a court of equity is authorized to enjoin the county from making changes in its drainage system which will increase the flow of surface water on his property, and will create a continuing nuisance, until and unless the right to discharge such increased water is acquired by condemnation. He contends that injunction will prevent a multiplicity of suits for damages.

The appellant relies on *McFarland v. DeKalb*

*County,* 224 Ga. 618 (1) (163 SE2d 827), where this court held: "The lower court erred in not allowing the petitioner to prove his case as alleged and in not allowing the jury to consider the question of whether or not the plaintiff was entitled to equitable relief to stop the alleged trespass and nuisance which was continuing in nature upon his property. A question of fact was shown as to whether or not these governmental agencies named as defendants had concentrated and collected surface water in greater quantity than in prior years and caused it to flow upon or back up upon the lot of the plaintiff in greater quantity and in a manner different from that in which the waters had been received from the upper areas by gravitation. Such activity would be a continuing nuisance authorizing a court of equity to restrain it and to require the defendants to cease and desist until and unless it was condemned for public purposes. The court erred in failing to charge on the injunctive features of the case."

Fulton County (appellee) has filed a motion requesting this court to review and overrule *McFarland v. DeKalb County,* 224 Ga. 618, supra, and *Nalley v. Carroll County,* 135 Ga. 835 (70 SE 788), contending that they are contrary to, and reach opposite results from, the earlier full bench decisions of *Smith v. Floyd County,* 85 Ga. 420 (11 SE 850), *Barfield v. Macon County,* 109 Ga. 386 (34 SE 596), and others.

In *Nalley v. Carroll County,* 135 Ga. 835, supra, this court held that a cause of action for damages was stated for the maintenance of a continuing nuisance by the county.

Both *Smith v. Floyd County,* 85 Ga. 420, supra, and *Barfield v. Macon County,* 109 Ga. 386, supra, were actions for damages only, and no question of injunction was involved. The court stated in both cases: "In holding that the declaration sets forth a cause of action, we are to be understood as sustaining it, not for the purpose of treating the work or its results as a nuisance to the plaintiff's premises, but only for the purpose of re-covering damages for the exercise of the power of eminent domain. The work is to be treated as rightful in all respects save in the omission to pay compensation."

The *Smith* and *Barfield* cases are distinguishable on their facts from *McFarland v. DeKalb County,* 224 Ga. 618, supra, and *Nalley v. Carroll County,* 135 Ga. 835, supra. If the language quoted above from the *Smith* and *Barfield* cases was intended to indicate that the maintenance of a continuing nuisance by a county would not *under any circumstances* authorize an action for damages or an injunction, the language was to that extent obiter, and will not be followed.

While it may not be possible to reconcile all that has been said in the numerous cases dealing with injuries to private property by public bodies, a general distinction can be drawn between those cases in which it has been held that extensive public improvements will not be enjoined because consequential damages have not been paid to property owners (for instance see: *Moore v. City of Atlanta,* 70 Ga. 611 (4); *Brown v. Atlanta R. &c. Co.,* 113 Ga. 462 (4) (39 SE 71); *Fleming v. City of Rome,* 130 Ga. 383 (61 SE 5); *Brown v. City of Atlanta,* 167 Ga. 416 (1) (145 SE 855) (one Justice dissenting); *State Hwy. Dept. v. Strickland,* 213 Ga. 785, 788 (102 SE2d 3)); and those cases in which a public improvement has the effect of creating a continuing nuisance on private property, which may be enjoined (for instance see: *Butler v. Mayor &c. of Thomasville,* 74 Ga. 570; *City of Atlanta v. Warnock,* 91 Ga. 210 (18 SE 135, 23 LRA 301, 44 ASR 17); *City of Atlanta v. Williams,* 218 Ga. 379 (128 SE2d 41)).

The case of *McFarland v. DeKalb County,* 224 Ga. 618 (1), supra, falls under the latter rule, and it is our view that it was correctly decided.

The county argues, however, that even if the *McFarland* case be upheld, the present case is not controlled by it because the nuisance was not in existence at the time of the interlocutory hearing.

An injunction may be granted to prevent an impending nuisance, continuing in nature, the consequences of which are reasonably certain. *Butler v. Mayor &c. of Thomasville,* 74 Ga. 570, supra; *Mayor &c. of Waycross v. Houk,* 113 Ga. 963, 965 (39 SE 577).

The appellee further contends that it is not subject to suit for any claim based on alleged nuisance because it is not made so by statute. This issue was not expressly

dealt with in *McFarland v. DeKalb County,* 224 Ga. 618 (1), supra.

Code § 23-1502 provides: "A county is not liable to suit for any cause of action unless made so by statute."

It has been repeatedly held that a right of action arises by necessary implication against a county when it violates a constitutional right of a citizen. See *Waters v. DeKalb County,* 208 Ga. 741, 745 (69 SE2d 274).

The appellee concedes that the declaration of the Constitution that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid (Constitution, Art. I, Sec. III, Par. I; Code Ann. § 2-301) gives rise to an action for damages against the county for injuries to private property caused by public improvements. It is argued, however, that this constitutional provision does not authorize injunction to restrain a county from maintaining a continuing nuisance on private property.

In *Lynch v. Harris County,* 188 Ga. 651 (1) (4 SE2d 573) it was held that an action in ejectment, or complaint for land, could be maintained against a county, applying the principle that the right of action would arise by necessary implication from the constitutional provision (Code Ann. § 2-301) above cited. This case illustrates the fact that the form of action is unimportant where the right of action arises under the Constitution.

Since the trial judge in the present case based his denial of interlocutory injunction on the erroneous conclusion of law that a county can not be enjoined from maintaining a continuing nuisance, and did not exercise his legal discretion under the evidence, the case is remanded for such further consideration or additional hearing as may be required for determination of the issue of interlocutory injunction, in conformity with the decision in this case.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs specially.*