## 33168, 33199. FULTON COUNTY v. BARANAN; and vice versa.

JORDAN, Justice.

Aaron Baranan brought an action against Fulton County to enjoin the anticipated illegal diversion of surface water onto his property. In *Baranan v. Fulton County*, 232 Ga. 852 (209 SE2d 188) (1974), he appealed from a judgment of the trial court which held that injunction will not lie to prevent county authorities from maintaining a public road because of threatened consequential damages to a property owner, where no part of his property is taken, and that the only redress the property owner has is to bring an action for damages. This court reversed this judgment, holding that a county may be enjoined from maintaining a continuing nuisance.

After the judgment of this court was made the judgment of the trial court, Baranan amended his complaint to allege damages he had suffered because of the completed diversion of surface water. The case was tried before a jury, which found that the county had created an abatable nuisance. The jury awarded damages of $400 to the date of the filing of the original complaint, $12,000 from the date of the filing of the complaint until the date that interlocutory injunction was granted on September 29, 1975, and $15,000 as punitive damages. Judgment was entered for permanent injunction and the damages awarded.

1. In Case No. 33168 Fulton County appeals from this judgment, asserting first that court erred in submitting the issue of punitive damages to the jury because sovereign immunity prohibits an award of such damages against a county.

The attorney for Fulton County, in a conference between the court and the attorneys for the parties on the charge to be given to the jury, objected to the submission of

the issue of punitive damages on the ground that there was no evidence of aggravating circumstances in act or intention; and after the charge was given, he objected to the form of the charge on punitive damages; but he made no objection to the charge on the ground that punitive damages may not be found against a county because of sovereign immunity. However, the submission of the issue of punitive damages against a county, if erroneous, would be a substantial error harmful as a matter of law under Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

This is an issue of first impression in this state. In order to determine the question we must examine the basis for allowing damages to property owners whose property is damaged by the county for public purposes. Such damages are not given under the ordinary rules pertaining to torts. Code § 23-1502 provides: "A county is not liable to suit for any cause of action unless made so by statute." The right of a property owner to recover against a county for damages to his property because of public improvements made by this county is by reason of the constitutional provision (Constitution of 1976, Art. I, Sec. III, Par. I; Code Ann. § 2-301) that private property shall not be damaged for public purposes without just and adequate compensation being paid; and the measure of damages is the actual depreciation in market value of the premises resulting from the work done and the effect upon the property. See *Smith v. Floyd County,* 85 Ga. 420 (11 SE 850) (1890); *Barfield v. Macon County,* 109 Ga. 386 (34 SE 596) (1899); *Terrell County v. York,* 127 Ga. 166 (56 SE 309) (1906); *Nalley v. Carroll County,* 135 Ga. 835 (70 SE 788) (1910); *Waters v. DeKalb County,* 208 Ga. 741 (69 SE2d 274) (1952); *DeKalb County v. McFarland,* 223 Ga. 196 (154 SE2d 203) (1967).

Since the damages recoverable in a case like the present one are a substitution for the damages recoverable in a condemnation action, there is no constitutional or statutory authority for the recovery of punitive damages against a county. The trial judge, therefore, erred in submitting the issue of punitive damages to the jury.

2. Other errors enumerated by the county will not be

considered, since we assume they will not reoccur on another trial.

3. In Case No. 33199 Baranan asserts that the court erred in not allowing him to prove damages to his property occurring between the time of the interlocutory injunction and the date of the trial.

Baranan alleged that the county had created an abatable nuisance on his property and he obtained an interlocutory injunction in 1975. In the present case the trial judge restricted the evidence of damage to that which occurred prior to the grant of the interlocutory injunction.

The constitutional provision for the payment of just compensation for the damaging of private property would require that Baranan be compensated for damages to his property after the grant of the interlocutory injunction if the county did not obey the injunction and abate the nuisance. It was error to restrict the evidence of damage to the date of the interlocutory injunction.

On another trial of the case the issue of damages to be decided by the jury will be the depreciation in the market value of Baranan's property caused by the surface water the county diverted onto his property.

4. After the former appearance of the case in this court, Baranan sought to add individual county commissioners as parties in connection with his claim of punitive damages. The trial judge did not err in refusing to allow the addition of these persons as defendants.

5. The exhibits offered by Baranan and excluded from evidence, the exclusion of which exhibits is enumerated as error, are not included in the record and we cannot determine their admissibility.

*Judgment affirmed as to the grant of the permanent injunction, reversed as to damages in both cases. All the Justices concur.*

ARGUED JANUARY 17, 1978 — DECIDED FEBRUARY 28, 1978.

*Webb, Young, Daniel & Murphy, Paul Webb, Jr., Thomas L. Murphy,* for appellant.

*Thomas H. Antonion,* for appellee.

HILL, Justice, concurring.

I concur in Justice Jordan's opinion. In doing so, however, I would not want to be understood as limiting the plaintiff's right of recovery to the eminent domain provision (§ 2-301) of our Constitution: "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid . . ." I would find that the right of a property owner to recover against a governmental body for damages to his property arises also from § 2-101 of our Constitution which provides that no person shall be deprived of his property except by due process by law.

According to *Young v. McKenzie*, 3 Ga. (Kelly) 31, 42 (1847), our eminent domain requirement of just and adequate compensation comes from the 29th chapter of Magna Charta, which is also the source of the due process provision. See Constitution of the United States of America, Revised and Annotated, Library of Congress, Amendment 5, pp. 1137-1138 (1972). Magna Charta provided: "No freeman shall be taken, or imprisoned, or be disseised of his freehold, or liberties, or otherwise destroyed, but by lawful judgment of his peers, or by the law of the land." *Young v. McKenzie*, supra.