33902. DUFFIELD et al. v. DeKALB COUNTY et al.

UNDERCOFLER, Presiding Justice.

Plaintiff property owners brought suit against DeKalb County and the City of Atlanta seeking an injunction and damages for continuing nuisance and inverse condemnation. DeKalb County raised the defenses of failure to state a claim, sovereign immunity, the statute of limitation, and waiver in its motion for partial summary judgment, which the trial court granted on all four grounds. The property owners appeal. We reverse the judgment.

DeKalb County has been operating the Snapfinger Water Pollution Control Plant on the South River since 1961. The property owners purchased their land on the other side of the river in 1970. They allege first becoming aware of noxious odors during the summer of 1972, which condition worsened with increased operations at the plant in 1975 to the point that their property has now been rendered unmarketable. They seek to enjoin the noise and odors as well as further pollution of the river, which they own to the midline. They claim to have notified the county in 1975, then filed this suit in 1976.

1. The first defense raised by DeKalb County, sovereign immunity, is clearly without merit. It argues that under the 1973 constitutional amendment providing

for a state court of claims, Ga. L. 1973, pp. 1489-1490, no suits may be filed against a county without express statutory authority. DeKalb overlooks, however, the express terms of the amendment on which it relies: "Nothing contained herein shall constitute a waiver of the immunity of the state from suit, but such sovereign immunity is expressly reserved *except to the extent of any waiver of immunity provided in this Constitution* and such waiver or qualification of immunity as is now or may hereafter be provided by Act of the General Assembly." (Emphasis supplied.) Accord, Code Ann. § 23-1502. In *Fulton County v. Baranan,* 240 Ga. 837 (242 SE2d 617) (1978), we pointed out that certain nuisance suits for injunction and damages could be maintained against a county under the constitutional provisions against taking or damaging private property for public purposes. Ga. Const. 1976, Art. I, Sec. III, Par. I (Code Ann. § 2-301). Also Ga. Const. 1976, Art. I., Sec. I, Par. I (Code Ann. § 2-101); *Fulton County v. Baranan,* supra, Hill, J., concurring (deprivation of property without due process of law); *Miree v. United States of America,* 242 Ga. 126 (1978). Therefore, the Constitution provides for a waiver of sovereign immunity where a county creates a nuisance which amounts to an inverse condemnation.

2. DeKalb County next contends that the property owners failed to state a claim because the property owners alleged only noise and odor pollution and no physical invasion which caused injury to the property itself,[1] citing *Austin v. Augusta Terminal R. Co.,* 108 Ga. 671 (34 SE 852) (1899). That case was one of several disapproved in *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884) (1966), as presenting too narrow a construction of the meaning of "property" under our Constitution. In *Bowers,* quoting *Woodside v. City of Atlanta,* 214 Ga. 75, 85 (1966), we said: " 'The term [property] comprehends not only the thing possessed, but also, in strict legal parlance, *means the rights of the owner in relation to land* or a thing; the

---

[1] We note here that the property owners have also alleged a physical invasion of their property with resultant damage by the pollution of the water in the river, which they own to its midline.

*right of a person to possess, use, enjoy and dispose of it, and the corresponding right to exclude others* from the use. 18 Am. Jur. 787, § 156.' " (Emphasis supplied.) Therefore, no physical invasion damaging to the property need be shown; only an unlawful interference with the right of the owner to enjoy his possession. The property owners claim that increased noise and odors from the Snapfinger operation have resulted in an inverse condemnation of their property by interfering with the use and enjoyment of their land and in the creation of a nuisance by endangering their health.

We have already held in Division 1, supra, that a county is liable for inverse condemnation of property under our Constitution. Applying the definition of property from *Bowers,* supra, the owners have clearly stated a claim of inverse condemnation in alleging that the odors and noise from the county's sewage plant have interfered with their right to use, enjoy, and dispose of their property. Several cases have held odors and noises actionable. See *Warren Co. v. Dickson,* 185 Ga. 481 (195 SE 568) (1938) (noise); *Holman v. Athens Empire Laundry Co.,* 149 Ga. 345 (5 a) (100 SE 207) (1919) (smoke: "There is in principle no distinction between . . . smoke, smell, noise or gas."); *Kea v. City of Dublin,* 145 Ga. 511 (89 SE 484) (1916) (odors from garbage dump); *Ingram v. City of Acworth,* 90 Ga. App. 719 (84 SE2d 99) (1954) (odors from sewage plant). Others, such as *State Hwy. Dept. v. Hollywood Baptist Church of Rome,* 112 Ga. App. 857 (146 SE2d 570) (1965), are distinguishable. There the temporary inconvenience from the noise and dust of highway construction was held not compensable as consequential damages in a partial condemnation of property. We conclude, therefore, that the property owners have stated a claim for inverse condemnation under *Bowers,* supra.

A county, unlike a municipality,[2] is not, however, generally liable for creating nuisances. E.g., *Dougherty*

---

[2]Code Ann. § 69-301 provides: "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or

*County v. Hornsby,* 213 Ga. 114 (97 SE2d 300) (1957); *Floyd County v. Fincher,* 169 Ga. 460 (150 SE 577) (1929); *Howard v. County of Bibb,* 127 Ga. 291 (56 SE 418) (1906); *Smith v. Floyd County,* 85 Ga. 420 (11 SE 850) (1890); *Bibb County v. Green,* 42 Ga. App. 552 (156 SE 745) (1930). Code Ann. § 23-1502 provides that a "county is not liable to suit for any cause of action unless made so by statute." As was said in Division 1, supra, the constitutional prohibition against the taking of property without just compensation falls within this exception. *Fulton County v. Baranan,* supra, (damages); *McFarland v. DeKalb County,* 224 Ga. 618 (163 SE2d 827) (1967) (injunction). We, however, do not find nor have the property owners pointed out, any statute making counties liable for nuisances hazardous to health. We, therefore, conclude that the county is not separately amenable to suit by the property owners on this basis. The trial court correctly granted summary judgment on the property owners' claim for a health nuisance, but erred in granting summary judgment on their nuisance claim for the unconstitutional taking of their property.

3. DeKalb County additionally seeks to defend this suit on the ground that it is barred by the twelve-month statute of limitation for proceeding against counties, Code Ann. § 23-1602. It relies on the fact that the property owners purchased their land in 1970, but did not notify the county until 1975 and did not file this action until 1976. However, we have held many times that where a nuisance is continuing, the property owner is entitled to seek an injunction, as well as damages for the twelve months preceding, upon giving notice to the county. E.g., *Reid v. Gwinnett County,* 242 Ga. 88 (1978); *Baranan v. Fulton County,* supra. If the evidence shows in the instant

---

unskillful performance of their ministerial duties, they shall be liable." *Collins v. Mayor &c. of Macon,* 69 Ga. 542 (1882). A municipality, whether exercising its governmental or its ministerial functions is liable for creating a nuisance which damages property *(City of Rome v. Turk,* 235 Ga. 223 (219 SE2d 97) (1975)), and also health hazards, *(Kea v. City of Dublin,* supra; *Ingram v. City of Acworth,* supra).

case that the extent of the nuisance has not increased, so as to amount to the additional taking of property or additional damages to the property owner inside the twelve-month period, then plaintiffs are barred. On the other hand, if the nuisance occurs within or its extent is increased during the twelve-month period so as to amount to an additional taking of property belonging to the plaintiffs, then that portion of the property taken during the twelve-month period would be actionable. This issue remains for trial on the facts. The trial court therefore erred in holding that the property owners' suit was barred by Code Ann. § 23-1602 on summary judgment.

4. As its fourth ground for summary judgment, DeKalb County raises a waiver issue based on *Ga. Power Co. v. Kelly,* 182 Ga. 33, 37 (184 SE 861) (1935): "It is well settled . . . [that] a subsequent purchaser of the [burdened] land takes it subject to the burden . . . and has no right of action against the company for the value of the land so appropriated, unless such right is expressly conveyed in the transfer." The property owners' pleadings, however, raise facts tending to show an increased "burden," which, if proved, would take them out of the rule in *Kelly,* supra. The county has not pierced these pleadings. Therefore, summary judgment on this ground was also inappropriate. See *Crosby v. Jones,* 241 Ga. 558 (246 SE2d 677) (1978).

*Judgment reversed. All the Justices concur, except that as to Division 2, Hill, J., concurs in the judgment only.*

ARGUED SEPTEMBER 13, 1978 — DECIDED
OCTOBER 25, 1978.

*Raiford, McKeithen & Dixon, Tyler C. Dixon,* for appellants.

*George P. Dillard, Gail C. Flake,* for appellees.