39200. BARANAN v. FULTON COUNTY.

GREGORY, Justice.

This case involving injunction and damages against a county for the drainage of surface waters onto appellant's property is making its third appearance before this court. See *Fulton County v. Baranan,* 240 Ga. 837 (242 SE2d 617) (1978); *Baranan v. Fulton County,* 232 Ga. 852 (209 SE2d 188) (1974).

Appellant owns property in Fulton County. In 1973, appellee rerouted local surface water drainage from Powers Ferry Road onto appellant's property, into two small existing draws. Appellant sought to enjoin the county from continuing this action. The superior court held it had no power to enjoin the county, and we reversed. *Baranan v. Fulton County,* 232 Ga. 852, supra.

The drainage across Baranan's property continued, and a temporary restraining order was issued against the county in 1975. Appellant amended his petition, alleging the county was continuing to divert waters across his property, charging the county with wilfully

violating his property and property rights, civil rights, and federal and state constitutional rights. Appellant sought nuisance damages, consequential damages, punitive damages, and attorney's fees under both state law and federal law pursuant to 42 USC §§ 1983, 1988. Appellant also sought damages for personal injuries he sustained while assisting in the removal of a tree undermined by the diverted waters.

A jury trial was held, a permanent injunction was issued, and damages, including punitive damages, were awarded. On appeal, this court struck down the award of punitive damages and held that on retrial, the measure of damages should be the depreciation in market value of appellant's property caused by the diversion of surface waters. *Fulton County v. Baranan,* 240 Ga. 837, supra.

On retrial appellant's pleadings relating to 42 USC § 1983 damages were struck in a pre-trial order, and attorney's fees were limited to those allowed by state law. At trial, the judge ruled out evidence of appellant's personal injuries as an item of recovery in the case. The jury returned a special verdict finding: damages for property depreciation — none; damages for deprivation of use and enjoyment of property — none; consequential damages — $15,000; whether the county acted in bad faith, was stubbornly litigious, or caused unnecessary trouble and expense so as to authorize an award of attorney's fees — no. The trial judge made this verdict the judgment of the court and denied appellant's request for attorney's fees and expenses under 42 USC § 1988. For reasons which appear below, we affirm.

1. Appellant asserts his case presents a valid claim under 42 USC § 1983 because Fulton County's maintenance of a continuing nuisance violated his federally guaranteed rights under the Fourth Amendment (right to be secure in one's home against unreasonable seizure), Fifth Amendment (protection against taking of one's property for public purposes without adequate compensation), and Fourteenth Amendment (protection against deprivation of property without due process of law and the guarantee of equal protection under the law) of the United States Constitution. We disagree.

Nuisances are traditionally considered a field of tort liability subject to state law. See Prosser, Handbook Of The Law Of Torts, 4th Ed., §§ 86, 87. When a county maintains a nuisance, however, traditional tort remedies may be unavailable due to governmental immunity. See OCGA § 36-1-4 (Code Ann. § 23-1502); *Waters v. DeKalb County,* 208 Ga. 741 (69 SE2d 274) (1952). Consequently, where the county is the alleged tortfeasor, we have allowed the cause of action under the theory that the county's action is a violation of Art. I, Sec. III, Par. I of the Georgia Constitution (Code Ann. § 2-301).

(i. e. no taking without just and adequate compensation.) *Baranan v. Fulton County,* 232 Ga. at 856, supra. Because the states may offer their citizens greater protection through their own constitutions than is provided in the federal constitution, this does not necessarily mean that the same facts raise a valid cause of action under parallel provisions of the United States Constitution. See *Creamer v. State,* 229 Ga. 511 (3) (192 SE2d 350) (1972).

The federal courts have considered an analogous case in York v. City of Cedartown, 648 F2d 231 (5th Cir. 1981), which we find dispositive of these alleged federal constitutional issues. In rejecting the theory that the maintenance of a nuisance by a governmental body raised federal constitutional issues, the Fifth Circuit Court of Appeals explained: "Appellants have asserted that their constitutional right not to be deprived of their property without due process of law has been violated because appellee's tortious acts and maintenance of a nuisance have diminished the value of their property and damaged their dwelling. However, appellants have failed to allege facts suggesting an 'abuse of governmental power sufficient "to raise an ordinary tort by a government agent to the stature of a violation of the Constitution." ' " 648 F2d at 232.[1]

There is probably a potential federal constitutional issue in every suit against the state or its agents. While the broad purpose of 42 USC § 1983 is to guarantee protection of federal rights, the federal courts have not read it as a vehicle for plaintiffs to litigate all simple tort suits (traditionally state protected rights) as federal constitutional violations. See Parratt v. Taylor, 451 U. S. 527 (101 SC 1908, 68 LE2d 420) (1981). We do not intend to expand the scope of § 1983 actions beyond the limits set forth by the federal courts. Here York v. City of Cedartown, supra, delineates that scope.

It was proper for the trial judge to strike appellant's pleadings relating to 42 USC § 1983 damages and to deny his request for attorney's fees and expenses pursuant to 42 USC § 1988.

2. The facts show that a tree on appellant's property was undermined by the diverted waters. Appellant contracted with a third party to have the tree removed from his property. As part of that contract, appellant agreed to manually assist in removing the tree. After the tree was cut into logs, appellant assisted in loading the logs onto a truck. Appellant testified that while loading a large log onto the truck, he suffered a personal injury. Appellant argued that the necessity of removing the tree and resultant personal injury could

---

[1] In its opinion, the court also rejected the appellant's Fifth and Fourteenth Amendment issues. 648 F2d at 232, 233.

reasonably have been foreseen by the county. The trial court ruled that a recovery for this personal injury would not be authorized in this case because it was not proximately caused by the diversion of water. We agree with the trial court.

The test of when damages are generally too remote for recovery is set forth in OCGA § 51-12-8 (Code Ann. § 105-2008): "If the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer." See *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436, 439 (99 SE2d 209) (1957) and cases cited therein.

While the facts might authorize a finding that the fallen tree resulted from the diversion of the water, the personal injury suffered by appellant was the result of several circumstances. Appellant's decision to personally assist in removing the tree and his action of lifting a log which was too heavy for him were consequences not reasonably foreseeable by the county. The personal injury suffered by appellant is too remote to be a basis of recovery in this case. See *Blakely v. Johnson,* 220 Ga. 572 (140 SE2d 857) (1965); *Whitaker v. Jones, McDougald, Smith, Pew Co.,* 69 Ga. App. 711 (26 SE2d 545) (1943).

3. Appellant alleges that the trial judge erred in ruling that the attorneys at trial could refer to the previous litigation between the parties, but not to the results of that litigation. In his brief appellant argues that this prevented him from proving the county's wilfulness by showing the county continued the nuisance after the superior court had issued a restraining order and permanent injunction. After reviewing the portion of the record which forms the basis for appellant's complaint, we find no error.

It does not appear that appellant ever made an offer at trial of the evidence which he now argues should have been admissible. The statement made by the trial judge — "He can refer to a prior trial, but not the result of it" — was a ruling which allowed appellant to continue to refer back to the prior litigation over appellee's objection. It does not appear that appellant objected to any limitations that ruling may have imposed upon him at trial, so he will not now be permitted to complain. See, *DeBerry v. State,* 241 Ga. 204 (1) (243 SE2d 864) (1978).

4. We have considered appellant's remaining enumerations of error and find them to be without merit. The special verdict returned by the jury is supported by the evidence in the case, and it was properly made the judgment of the court.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents as to Divisions 2 and 3 and the judgment and Weltner,*

*J., who dissents as to Division 3 and the judgment.*

DECIDED FEBRUARY 3, 1983 —
REHEARING DENIED FEBRUARY 15, 1983.

*Thomas H. Antonion,* for appellant.
Aaron Baranan, *pro se.*
*Thomas L. Murphy,* for appellee.