44301, 44302. DEPARTMENT OF TRANSPORTATION
v. BONNETT; and vice versa.
(358 SE2d 245)

HUNT, Justice.

The trial court enjoined the Department of Transportation from proceeding with the widening of State Road 50, U. S. Highway 82 in Tift County (Planned Corridor Z), finding that the newly-widened road would constitute an inverse condemnation of plaintiff Myrtle Bonnett's enjoyment of her property.

Myrtle Bonnett purchased her current residence in the Brookfield community of Tift County from her sister in 1964. At that time the DOT already owned the right of way upon which it intends to widen the present highway and which abuts Bonnett's property only a few feet from her home. While the roadway itself has been fifty-four feet from her house, the curb of the newly-widened highway will be only eighteen feet away. In anticipation of the noise, vibrations and dust which she believes will be caused by traffic on the new road, she filed this suit to enjoin the construction of this potential nuisance, for damages in inverse condemnation, nuisance and trespass, and for attorney fees. Finding that the new highway will create a nuisance amounting to an inverse condemnation of her right to enjoy her property, the trial court granted the injunction until the DOT awards her

damages based thereon. DOT appeals this ruling in Case No. 44301. The trial court granted judgment to the DOT on her damage claims for trespass and nuisance and for attorney fees. Bonnett cross-appeals these rulings in Case No. 44302.

1. It is axiomatic that citizens may maintain nuisance suits against the state under the constitutional prohibition against taking or damaging private property for public purposes. Ga. Const. 1983, Art. I, Sec. I, Par. I; *Duffield v. DeKalb County*, 242 Ga. 432, 433 (249 SE2d 235) (1978); *Fulton County v. Baranan*, 240 Ga. 837, 838 (242 SE2d 617) (1978). We have also held that while a physical invasion is generally necessary, noise, odors and smoke which impair the landowners' enjoyment of his property are also actionable nuisances, if, and only if, a partial condemnation of the property results. *Duffield v. DeKalb County*, supra, 242 Ga. at 434.

In the case before us, however, it is clear that no partial condemnation has yet arisen. The highway exists today as it did in 1964 when Bonnett purchased her property. While Bonnett argues that an invasion of her property rights is probable, indeed inevitable, if the highway is constructed as planned, no such injury or taking exists at this time.

In *Evans v. Just Open Government*, 242 Ga. 834, 839-840 (251 SE2d 546) (1979), we recognized that while damages in inverse condemnation may be awarded in a proper case, the courts would not enjoin a public project. Accord *Bacon v. Walker*, 77 Ga. 336, 338 (1886). The trial court, having found the road was to be built entirely on DOT property, should not have enjoined the DOT from commencing construction. Therefore, the judgment in Case No. 44301 must be reversed.

2. In Case No. 44302, Bonnett appeals the trial court's ruling that she has no claim as a matter of law against the DOT for nuisance, trespass or attorney fees. *Duffield v. DeKalb County*, supra, 242 Ga. at 435. Since we have held in Division 1 that Bonnett's suit on these claims is premature because her property interests have not yet been invaded, the trial court should not have denied these claims on the merits, but should have dismissed them without prejudice. As we view the evidence, genuine issues of material fact remain as to the location of the property line between Bonnett and the DOT. While the trial court appropriately made findings of fact as to these issues related to the injunction, Bonnett is not precluded as a matter of law from raising these claims again if the need arises.

*Judgments reversed. All the Justices concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Bonnett argues strenuously that we have failed to apply the ruling in *Baranan v. Fulton County*, 232 Ga. 852, 855 (209 SE2d 188) (1974), that "[a]n injunction may be granted to prevent an impending nuisance, continuing in nature, the consequences of which are reasonably certain. [Cits.]" That case makes the very distinction applicable here: "a general distinction [may] be drawn between those cases in which it has been held that extensive public improvements will not be enjoined because *consequential* damages have not been paid to property owners [cits.] and those cases in which a public improvement has the effect of creating a continuing nuisance on private property, which may be enjoined [cits.]." Id. Thus, while a nuisance or trespass of private property (such as in *Baranan*, supra, where county construction would increase the water flow over the owner's land) may be enjoined, a public project (such as the building of a new road) which in its legitimate operation only incidentally affects private property, may not. This case falls into the latter category. If, and when, the road is complete and Bonnett is able to show consequential damages to her not shared by the public in general, her cause of action will arise.

DECIDED APRIL 9, 1987 —
RECONSIDERATION DENIED APRIL 24, 1987 AND JUNE 22, 1987.

*Michael J. Bowers, Attorney General, Beverly B. Martin, Assistant Attorney General,* for appellant.
*J. Hugh Gordon,* for appellee.