**RIBERGLASS, INC., a corporation, Plaintiff-Appellee,**

v.

**TECHNI-GLASS INDUSTRIES, INC., an Alabama Corporation; Lonnie Flippo, Defendants,**

**Howard E. Morris, Defendant-Appellant.**

**No. 86–7057.**

United States Court of Appeals, Eleventh Circuit.

Dec. 4, 1986.

John R. Benn, Florence, Ala., for defendant-appellant.

Ben F. Beckham, III, Springfield and Beckham, Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, HILL and ANDERSON, Circuit Judges.

## CORRECTED OPINION

HILL, Circuit Judge:

Riberglass, Inc. (Riberglass) instituted this suit seeking recovery of indebtedness owed on an open account existing between it and Techni-Glass Industries, Inc. (Techni-Glass). Lonnie Flippo and appellant Howard E. Morris were included as co-defendants with Techni-Glass as alleged guarantors of Techni-Glass' indebtedness. Following an extensive pretrial conference and in light of the failure by Techni-Glass and Flippo to respond to requests for admissions submitted by Riberglass, the district court determined that Techni-Glass and Flippo were deemed to have admitted all material facts; that no material issue of fact existed with respect to Riberglass' claim against Techni-Glass and Flippo; and thus that summary judgment was proper against these two defendants. Riberglass then filed a motion for summary judgment against appellant Morris, which the district court subsequently granted. Although we disagree with the apparent rationale of the district court, we nonetheless affirm the grant of summary judgment against appellant Morris.[1]

In considering plaintiff's motion for summary judgment against Morris, the district court had before it the complaint, Morris' answer, plaintiff's request for admissions, and Morris' response to the request for admissions. Riberglass apparently based its summary judgment motion against Morris solely upon the fact that summary judgment had previously been granted in its favor against Morris' two codefendants. (See R1–21). To a great extent, the district court also based its summary judgment order on the fact that it had already grant-

---

1. See Church of Scientology v. Cazares, 638 F.2d 1272, 1281 (5th Cir.1981) (although district court applied incorrect legal standard, court of appeals may affirm grant of summary judgment if apparent that no genuine issue of fact exists under the proper legal analysis); cf. Weeks v. Remington Arms Co., 733 F.2d 1485, 1490 n. 6 (11th Cir.1984) (court of appeals will affirm order granting directed verdict if district court can be sustained on any grounds).

ed summary judgment against Morris' co-defendants.[2]

The district court had based its grant of summary judgment against Morris' codefendants upon their deemed admissions when they failed to respond to various requests for admissions. Morris himself, however, responded to plaintiff's requests for admissions directed to him. Clearly, the deemed admissions of his codefendants cannot bind Morris where he actually answered plaintiff's requests in a timely and legally sufficient manner. *See United States v. Wheeler*, 161 F.Supp. 193, 197 (W.D.Ark.1958) (facts deemed admitted as to one defendant because of his failure to respond to plaintiff's request for admissions not binding on co-defendant); *see also Community State Bank v. Midwest Steel Erection, Inc.*, 24 Fed.R.Serv.2d 428, 429 (D.S.D.1977) (same; citing *Wheeler*); *cf. In re Leonetti*, 28 B.R. 1003, 1009 (E.D.Pa. 1983) (affirmative admission of one party not binding on co-defendant). Thus, the district court erred in saddling Morris with the deemed admissions of his codefendants.

Our rejection of the use of the deemed admissions against appellant Morris leaves this court to examine the material in the record properly applicable to the issues between the plaintiff and Morris. In plaintiff's request for admissions to Morris, Riberglass asked that Morris admit the execution, delivery, and amount of sixteen invoice orders comprising the allegedly unpaid account of Techni-Glass with Riberglass. The balance due on these sixteen invoices totalled over $36,000. Regarding these invoice orders, Morris responded that he did not have sufficient information and thus was unable to admit or deny the requests. Because Morris neither admitted nor denied the information regarding Techni-Glass' account, Riberglass retained the burden of proving that the accounts were overdue in the amounts alleged. Riberglass discharged this burden by producing the affidavit of its credit manager, Kenneth W. Barker, who swore to the correctness of the invoices and amounts. Morris did not controvert this affidavit by producing any evidence, affidavit, deposition or otherwise, tending to disprove the existence of these unpaid accounts.

After Riberglass met its burden of proving the amounts owed by Techni-Glass, all that remained for a prima facie case was to prove that Morris executed a guarantee agreement making him liable for the debt. In response to plaintiff's request for admissions, Morris admitted that he executed an unconditional guarantee on January 10, 1984, and that the guarantee agreement produced by Riberglass was a genuine and true copy of the one he signed. Thus, by Morris' failure to refute the existence and amount of Techni-Glass' unpaid account and his admitting the execution of the unconditional guarantee of Techni-Glass' indebtedness, Riberglass proved its case sufficiently to justify the entry of summary judgment in its favor.

While it is conceivable that some affirmative defense could yet exist, it is clear that Morris would have the burden of proving it. Morris has not, however, by deposition, affidavit, or any other filing supported any

---

2. The district court concluded that

Defendant Howard E. Morris was destined to "rise or fall" with his co-guarantor Lonnie Flippo in this case. In the opinion of the Court the Court's grant of summary judgment herein in favor of plaintiff against defendants Techni-Glass Industries, Inc. and Lonnie Flippo for the total monetary amount claimed by plaintiff of the three defendants in this lawsuit, plus costs and a reasonable attorneys' fee, constituted issue preclusion in plaintiff's case against remaining defendant Howard E. Morris, which alone warranted the entry of summary judgment in favor of plaintiff against the defendant Morris

RI–25–2 n. 2.

The district court also stated that it based its summary judgment ruling in part on reasons it had stated at the pretrial conference in this case. It is entirely probable that at this pretrial conference the district court analyzed the same factors which we discuss. The district judge states that a court reporter was present at the pretrial proceedings and thus these remarks were of record. Further inquiry reveals, however, that in fact no record was made of these proceedings.

affirmative defense to the plaintiff's case established by the unpaid accounts and the admitted guarantee agreement.

The Supreme Court has recently clarified the proper allocation of the burden of proof on a motion for summary judgment. In *Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Court construed the plain language of Fed.R. Civ.P. 56(c) as mandating the entry of summary judgment, upon a properly supported motion, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* — U.S. at —, 106 S.Ct. at 2553. In the present case, appellant Morris has come forward with no evidence negating any part of the plaintiff's case or supporting any affirmative defense. *Celotex* makes clear that once a properly supported motion for summary judgment has been made it is not incumbent upon the movant to produce evidence negating the existence of a genuine issue of fact as to issues or elements that the nonmovant must prove at trial.

■ Thus, on this motion for summary judgment, it is not the responsibility of Riberglass to propose possible defenses by Morris and then disprove them. Where, as here, the plaintiff's case is fully made and the defendant demonstrates no evidence of an affirmative defense, summary judgment is appropriate. Therefore, the decision of the district court is

AFFIRMED.