James S. **BERNSTEIN**, et al., Plaintiffs,

v.

James **HOLLAND**, et al., Defendants.

Fayette M. **McELHANNON**, Plaintiff,

v.

James **HOLLAND**, et al., Defendants.

Civ. A. Nos. 84–34–ATH, 84–33–ATH.

United States District Court,
M.D. Georgia,
Athens Division.

March 27, 1987.

March 23, 1987.

J. Edward Allen, Athens, Ga., for plaintiffs.

Ernest De Pascale, Athens, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Plaintiffs in the above-captioned matter have brought this action against defendants in order to have the zoning ordinance of the Unincorporated Area of Clarke County, as amended in 1984, struck as being a violation of plaintiffs' substantive due process rights and a violation of the Taking Clause of the Fifth and Fourteenth Amendments. The parties have submitted briefs on the question of whether this court has jurisdiction to entertain plaintiffs' claims, and the arguments raised therein will be treated by this court as a motion for summary judgment by the defendants.

### Adequate State Remedies

Plaintiffs' principal claim is that by implementing a more restrictive zoning ordinance on their property, the actions of the County constituted a taking "without substantive due process" in violation of the Fifth and Fourteenth Amendments. Subsequent to the filing of this action, the Supreme Court decided *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The Supreme Court's analysis in *Williamson County* compels this court to conclude that plaintiffs' taking claim is not ripe for adjudication at the present time.

The Fifth Amendment to the United States Constitution provides, *inter alia*, "nor shall private property be taken for public use, without just compensation." As the Supreme Court pointed out in *Williamson County*, the Fifth Amendment does not proscribe the taking of property, rather it only proscribes taking without just compensation. *Id.*, 105 S.Ct. at 3121. So long as the State provides an adequate procedure for obtaining just compensation, the aggrieved landowner may not claim a denial of just compensation until he/she has exhausted the State procedures for compensation. *Id.* The nature of the constitutional right, therefore, requires that a property owner first utilize procedures under state law for obtaining compensation before he/she can bring a § 1983 action. *Id.* at n. 13.

Plaintiffs in this case have not utilized the available State procedures for obtaining just compensation. The Georgia Supreme Court has sanctioned the remedy known as inverse condemnation under which a landowner can bring an action for damages in State court to remedy an uncompensated or unlawful taking. *See Fulton County v. Baranan*, 240 Ga. 837, 838, 242 S.E.2d 617, 619 (1978). The damages recoverable in an inverse condemnation action are a substitution for the damages recoverable in a condemnation action. *Id.* Because the plaintiffs in this case have failed to pursue their remedy under State law for a claim of inverse condemnation, their claim for taking without just compensation is not ripe for adjudication.

### Substantive Due Process

Plaintiffs' complaint also alleges a claim based upon the substantive due process clause of the Fifth and Fourteenth Amendments. Plaintiffs allege that the County's decision to amend the zoning ordinance at issue denied them substantive due process since the ordinance is totally unnecessary and bears no substantial relation to the public health, safety, morality and general welfare. Plaintiffs, therefore, seek

this court to enjoin the enforcement of that ordinance, and to restore the less restrictive zoning ordinance in effect prior to the amendment in 1984.

The substantive due process doctrine proscribes "deprivation of a property interest for an improper motive and by means that were pretextual, arbitrary and capricious, and ... without any rational basis." *See Anthony v. Franklin County*, 799 F.2d 681, 684 (11th Cir.1986). Economic and social legislation is presumed valid if it is rationally related to a legitimate State interest. *See Village of Belle Terre v. Boraas*, 416 U.S. 1, 4–9, 94 S.Ct. 1536, 1538–1541, 39 L.Ed.2d 797 (1974); and *Anthony*, 799 F.2d at 684. Again, however, this court is constrained from reaching any decision as to whether the zoning ordinance in question is arbitrary and capricious because of the Supreme Court's decision in *Williamson County*. The Supreme Court in *Williamson County* also held that the claim by the plaintiff therein, brought under the due process clause of the Fourteenth Amendment, was similarily barred as being premature because it was impossible to determine the impact of the regulation at issue upon the plaintiff until a showing had been made that he had exhausted his right to seek variances from the zoning ordinance. *Williamson County*, 105 S.Ct. at 3122–24.

Likewise, in this case the court cannot determine the impact of the regulations in question upon plaintiffs absent a showing on their part that they have exhausted their rights under the ordinance to seek variances from its restrictions. There has been no facts presented by plaintiffs in this case, besides the mere passage of the act itself, that demonstrate that plaintiffs' attempts to seek a variance from the ordinance would be futile. *See Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); and *Riberglass, Inc. v. Techni-Glass Industries, Inc.*, 804 F.2d 1577, 1580 (11th Cir.1986). Accordingly, the plaintiffs' claims against defendants in this case are premature. This court is required under *Williamson Coun-*

ty, therefore, to DISMISS plaintiffs' claims, without prejudice.