CALIBRE SPRING HILL, LTD., (a Georgia Limited Partnership) Plaintiff,

v.

COBB COUNTY, GEORGIA, Phil Secrest, in his official capacity of Chairman of the Board of Commissioners, Emmett Burton, Thea Powell, Harriet Smith, and Harvey Paschal, each in their official capacity as members of the Cobb County Board of Commissioners, Defendants.

No. 1:89–cv–065–RHH.

United States District Court, N.D. Georgia, Atlanta Division.

July 5, 1989.

Peter M. Degnan, George Conley Ingram, Nancy Glenn, Alston & Bird, Atlanta, Ga., for plaintiff.

Robert Frederick Webb, Haynie Webb & Litchfield, Marietta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the court on Plaintiff's motion to strike certain defenses from defendants' answer and on defendants' motion to dismiss. This case arises out of plaintiff's (Calibre Spring Hill's) attempt to have real property it owns in Cobb County, Georgia rezoned. The Cobb County Board of Commissioners denied plaintiff's application for rezoning, and plaintiff brought this suit alleging violations of its federal constitutional rights and seeking damages under 42 U.S.C. § 1983 for the permanent taking of its property. Plaintiff has named Cobb County and the individual members of the Cobb County Board of Commissioners in their official capacities as defendants.

FACTS

Plaintiff, Calibre Spring Hill, ("Calibre"), a limited partnership authorized to do business in Georgia, is the owner of approximately 19.4 acres of real property in Cobb County. The zoning ordinances of Cobb

County classify the plaintiff's property "R–30" and "RM–8". On or about October 18, 1988, plaintiff submitted an application to the Board of Commissioners to rezone its property to "RM–12" for the purpose of building apartments thereon. Complaint ¶ 8. Plaintiff's application was denied by the Board in December of 1988. *Id.* ¶ 10. In January of 1989, plaintiff filed two lawsuits concerning the denial of its application for rezoning. Calibre filed a suit in Cobb Superior Court challenging the validity of defendants' actions and of the existing zoning classifications under the Georgia Constitution. Plaintiff also filed this § 1983 suit alleging that defendants' failure to rezone the Cobb County property amounted to a violation of the Takings clause of 5th Amendment to the United States Constitution, and the Due Process clause of the Fourteenth Amendment.

## DISCUSSION

Defendant has moved to dismiss the Complaint on the grounds that plaintiff's claims are not ripe for adjudication in this court.[1] The Supreme Court has established two prerequisites to a federal court's consideration of a takings claim resulting from a local zoning decision. *Williamson Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1984). First the decision of the Commission regulating the use of plaintiff's land must be a "final" decision; and second, the plaintiff must have availed itself of state and local procedures for obtaining just compensation. *Id.*

Defendants claim that plaintiff has not satisfied either of the *Williamson* criteria, and, therefore, its claim cannot be heard by this court at this time. The court finds that the decision of the Cobb County Board of Commissioners with respect to the property at issue is not a final decision. Therefore, under the first prong of *Williamson* the plaintiff may not maintain an action for a "taking" under the Fifth Amendment or for a Due Process violation under the Fourteenth Amendment. Further, the court finds that the plaintiff has not sought com-

pensation for its property through procedures made available by the state. Therefore, it has not stated a claim through § 1983 under the Just Compensation clause of the Fifth Amendment.

*Finality*

■ It is well established that a claim that a zoning regulation effects a taking of property is not ripe until "the government entity charged with implementing the regulation has reached a final decision regarding the application of the regulation to the property at issue." *Williamson*, 473 U.S. at 186, 105 S.Ct. at 3116; *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986). It follows from the very nature of a takings claim that the government must have made a final and authoritative determination of the type and intensity of development legally permitted on the subject property before a taking can occur. *MacDonald*, 477 U.S. at 348, 106 S.Ct. at 2565. A "final" decision requires not only rejection of a particular proposal for land development but also definite action by local authorities indicating, with some specificity, what level of development will be permitted on the property in question. *Id.; Landmark Land Development Company of Oklahoma v. Buchanan*, 874 F.2d 717 (10th Cir.1988).

■ Plaintiff has submitted one application to have its property rezoned. The Board's denial of that request cannot possibly tell this court the extent to which Cobb County will allow the plaintiff to develop its land. Though the courts have not established a formula to determine where acceptable regulation ends and takings begin, the Supreme Court has consistently held that that determination will rest in significant part on the "economic impact of the challenged action and the extent to which it interferes with reasonable investment-backed expectations." *Williamson*, 473 U.S. at 191, 105 S.Ct. at 3119; See also, *Penn Central Transport Co. v. New York City*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed. 2d 631 (1978); *A.A. Profiles Inc. v. City of*

---

1. Plaintiff has also moved to strike the defenses defendant is relying upon in its motion to dis-

miss, therefore, the same issues are presented by both motions.

*Ft. Lauderdale,* 850 F.2d 1483 (11th Cir. 1988). Those factors cannot be evaluated until the decision maker has arrived at a final definitive position on the extent of development that will be allowed on the subject property. A court cannot determine if government's regulation of property has gone "too far" until it knows just how far the regulation goes.

Plaintiff cites *Corn v. City of Lauderdale Lakes,* 816 F.2d 1514 (11th Cir.1987), to support its argument that a zoning ordinance, coupled with a rejected application, represents a final authoritative decision. However, in *Corn* the city ordinance in question had been recently enacted and called for a complete moratorium on Corn's development of his property. The court held that a request for a variance at that point would plainly have been futile. *Id.* at 1516. Similarly, in *A.A. Profiles,* 850 F.2d 1483, a city ordinance had been passed to halt completely development on plaintiff's property. In those cases, the Eleventh Circuit held that since *no* development was allowed, plaintiffs' claims were ripe for adjudication. It has not been decided how much development will ultimately be permitted on plaintiff's land. Plaintiff does not assert that Cobb County has aimed its zoning decision at halting plaintiff's development, nor is there a moratorium on development of plaintiff's land.

The Board's denial of the plaintiff's single request for rezoning does not establish whether Cobb County has denied the plaintiff all reasonable beneficial use of its property and, therefore, is not a final reviewable decision under *Williamson.* Therefore, plaintiff's taking claim and its Due Process claim are not ripe for adjudication by this court at this time.[2]

*State Remedy*

The second prong of *Williamson* requires that a plaintiff seek compensation through available state procedures before it may bring a § 1983 action for a Just Compensation clause violation. The Fifth amendment to the United States Constitu-

tion does not prohibit the taking of private property; it proscribes the taking "without just compensation". *Williamson,* 473 U.S. at 194; *Hodel v. Virginia Surface Mining and Reclamation Ass'n Inc.,* 452 U.S. 264, 297 n. 40, 101 S.Ct. 2352, 2371 n. 40, 69 L.Ed.2d 1 (1981). Therefore, if the state provides an adequate procedure for obtaining compensation, a property owner cannot claim a violation of the Just Compensation clause until it has used the procedure and been denied compensation. The Constitution does not require pre-deprivation procedure. *Williamson,* 473 U.S. at 194, 105 S.Ct. at 3120.

 The Plaintiff claims that the zoning ordinance at issue in this case is a regulation that "goes too far" and amounts to a taking. The Supreme Court has recognized that in extreme cases a zoning regulation may so inhibit a landowner's use of his or her property that the state is compelled to provide compensation. *First Lutheran Church v. Los Angeles County,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1986). However, it is clear that the state may provide such compensation after the deprivation has occurred without running afoul of the Constitution. *Williamson,* 473 U.S. 195, 105 S.Ct. at 3121; See, *Hudson v. Palmer,* 468 U.S. 517, 582 n. 12, 104 S.Ct. 3194, 3203 n. 12, 82 L.Ed.2d 393 (1984). The Supreme Court in *Williamson* analogized its interpretation of the requirements of the Just Compensation clause to its interpretation of the Due Process clause in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981):

There, the Court ruled that a person deprived of property through a random and unauthorized act of a state employee does not state a claim under the Due Process Clause merely by alleging the deprivation of property. In such a situation, the Constitution does not require predeprivation process ... the Constitution is satisfied by the provision of meaningful postdeprivation process. Thus, the State's action is not "complete" in

---

**2.** *Williamson,* 473 U.S. at 197, 105 S.Ct. at 3122, definitively holds that the finality requirement applies to an excessive regulation claim based

on either the Due Process clause or the Takings clause.

the sense of causing a constitutional injury "unless or until the state fails to provide an adequate postdeprivation remedy for the property loss." [citations omitted] Likewise, because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action here is not "complete" until the State fails to provide adequate compensation for the taking.

*Williamson,* 473 U.S. at 195, 105 S.Ct. at 3121. If there is compensation available for a taking through the state's administrative or judicial process, a landowner must have utilized that process and failed before he or she may bring a section 1983 action alleging a violation of the takings clause of the Fifth Amendment.[3]

In their briefs, the parties have vigorously debated whether Georgia courts afford an inverse condemnation procedure whereby a landowner may obtain compensation for zoning regulations that amount to a taking of its property. Initially, it is clear that Georgia courts recognize that a zoning regulation which does not bear a substantial relation to the public health, safety and welfare may be set aside as confiscatory. *Barrett v. Hamby,* 235 Ga. 262, 219 S.E.2d 399 (1975). And Georgia courts have long provided for damages or monetary compensation in inverse condemnation suits:

> In the context of government regulation, including zoning, this has been construed to mean that actions of the governing authority which exceed the police power will rise to the level of condemnation and require compensation.

*Gradous v. Bd. of Commissioners, etc.,* 256 Ga. 469, 470, 349 S.E.2d 707 (1986); citing, *Pope v. City of Atlanta,* 242 Ga. 331, 249 S.E.2d 16 (1978).

Plaintiff contends that the sole avenue for obtaining monetary relief for a regulatory taking is a § 1983 action in Federal Court. Plaintiff's Brief in Response, p. 5. Plaintiff overlooks the fact that Federal District Courts sitting in Georgia have at least twice found that such a procedure does exist in Georgia. *East-Bibb Twiggs Neighborhood v. Macon-Bibb Planning,* 662 F.Supp. 1465, 1468 (M.D.Ga.1987); *Bernstein v. Holland,* 657 F.Supp. 233 (M.D.Ga.1987). And in view of the Supreme Court's decision in *First Lutheran Church v. Los Angeles County,* 482 U.S. 304, 107 S.Ct. 2378, it is clear that a state must recognize an inverse condemnation claim for money damages where a zoning regulation amounts to a taking.

Plaintiff has not shown the court that the state's procedures for obtaining compensation for a regulation which amounts to a taking are inadequate. Therefore, plaintiff must pursue those remedies before this court will entertain a § 1983 claim based on the Fifth Amendment.

The court holds that plaintiff's claim under section 1983 for a violation of the Just Compensation clause of the Fifth Amendment does not state a claim upon which relief can be granted.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED, and plaintiff's motion to strike is DENIED.

So ORDERED.

---

**3.** The requirement that a landowner avail him or herself of state remedies does not conflict with the well established principle that a § 1983 plaintiff does not have to exhaust state remedies before bringing an action in Federal Court. See, *Patsy v. Florida Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Unlike an exhaustion requirement, which is based upon principles of comity, the requirement set out in *Williamson* is based upon the concept that there is no constitutional violation and therefore no cause of action if plaintiff may seek "just compensation" from the state. *Williamson,* 473 U.S. at 194 n. 13, 105 S.Ct. at 3120 n. 13; See also, *Fetner v. City of Roanoke,* 813 F.2d 1183, 1185 n. 6 (11th Cir.1987).