**EAST–BIBB TWIGGS NEIGHBORHOOD ASSOCIATION, Robert Moffett and Roscoe Ross, Plaintiffs–Appellants,**

v.

**MACON BIBB PLANNING & ZONING COMMISSION and Mullis Tree Service, Defendants–Appellees.**

No. 89–8148.

United States Court of Appeals, Eleventh Circuit.

Nov. 30, 1989.

Lonzy F. Edwards, Edwards & Williams, Macon, Ga., for plaintiffs-appellants.

O. Hale Almand, Jr., Smith, Hawkins, Almand & Hollingworth, Macon, Ga., for Macon Bibb & Zoning.

William P. Adams, Adams, Hemingway, Wilson & Baxter, Macon, Ga., for Mullis.

Before TJOFLAT, Chief Judge, HATCHETT, Circuit Judge, and MORGAN, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this appeal brought by residents of an area in which a Georgia county plans to locate a landfill, the district court dismissed as "not ripe" due process and taking claims, and ruled against the residents, after a bench trial, on an equal protection claim. We affirm.

## I. FACTS

On May 14, 1986, the Mullis Tree Service ("Mullis") applied to the Macon–Bibb County Planning and Zoning Commission ("the Commission") for a conditional use permit to operate a "non-putrescible" landfill in Macon, Georgia. A non-putrescible landfill contains wood, paper, and other items that do not decompose rapidly. Mullis sought to build the landfill in a census tract where 3,367 black residents and 2,149 white residents lived. On June 23, 1986, the Commission convened to consider Mullis's application. Approximately 150 opponents of the Mullis plan attended the meeting. The Commission denied Mullis's application.

In July, 1986, the Commission convened to reconsider Mullis's application. After substantial deliberation, the Commission approved Mullis's application subject to four conditions: (1) approval by the county engineer; (2) approval by applicable state and federal agencies; (3) restrictions on dumping of putrescible materials; and (4) Commission approval of a final site. In November, 1986, the Commission granted final approval for Mullis's conditional use permit.

## II. PROCEDURAL HISTORY

After the Commission granted Mullis's conditional use permit, several property owners filed a state court certiorari petition, pursuant to section 27.15 of the Macon-Bibb Land Development Resolution.[1] The Superior Court of Bibb County dismissed this complaint because the property owners failed to name Mullis, an indispensable party to the action. On May 2, 1987, the property owners appealed to the Georgia Court of Appeals.

In April, 1987, with the state action pending, the East–Bibb Twiggs Neighborhood Association and two individuals ("the residents") filed a 42 U.S.C. § 1983 action in the district court, seeking to enjoin the Commission from granting Mullis a conditional use permit. The residents also sought monetary damages from the Commission and Mullis. In their complaint, the residents raised four constitutional issues: (1) Mullis and the Commission denied them procedural due process rights under applicable zoning regulations; (2) Mullis's and the Commission's actions denied them substantive due process because the Commission's decision to grant Mullis a conditional use permit did not relate to public health, safety, morality, or general welfare; (3) the Commission's decision to grant Mullis a conditional use permit constituted a taking without just compensation; and (4) Mullis's and the Commission's choice of a landfill site denied them equal protection of the law because the decision affected more black persons than white persons. Mullis and the Commission moved to dismiss the residents' action.

On June 19, 1987, 662 F.Supp. 1465, (M.D.Ga.), the district court ruled that the residents did not present ripe due process or taking claims and dismissed those claims without prejudice. The district court relied on *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The district court permitted the residents to proceed with their equal protection claim.

In October, 1988, the district court conducted a bench trial on the equal protection claim. On February 16, 1989, the district court ruled for the Commission and Mullis.

---

1. Section 27.15 is entitled "Appeals from decisions of commission." The section states: "Any person, firm, or corporation aggrieved by a de- cision of the commission shall have the right of certiorari as provided by law."

## III. CONTENTIONS OF THE PARTIES

The residents contend that the district court improperly dismissed their due process and taking claims. The residents also contend that the district court erroneously entered judgment for the Commission and Mullis on the equal protection claim.

The Commission and Mullis contend that the district court properly dismissed the residents' due process and taking claims. The Commission and Mullis also contend that the district court properly entered judgment in its favor on the residents' equal protection claim.

## IV. ISSUES

The issues presented on appeal are: (1) whether the district court properly ruled that the residents did not present ripe due process and taking claims; and (2) whether the district court correctly entered judgment in favor of Mullis and the Commission on the residents' equal protection claim.

## V. DISCUSSION

### A. Standard of Review

The district court's application of *Williamson* constitutes a question of law which we review *de novo*. *See Georgia Power Co. v. Baker*, 830 F.2d 163, 165 (11th Cir.1987); *Atlantic Land & Improvement Co. v. United States*, 790 F.2d 853, 857 (11th Cir.1986).

In reviewing the district court's bench trial conclusions, we review factual findings for clear error. Fed.R.Civ.P. 52(a).

### B. Due Process and Taking Claims

The residents argue that the district court incorrectly relied on *Williamson* when it ruled that the residents did not present ripe due process and taking claims. The residents argue that the district court should have relied on *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) in which the Supreme Court ruled that section 1983 plaintiffs are not required to exhaust state judicial or administrative remedies.

In *Williamson*, the Supreme Court clearly distinguished between exhaustion of judicial or administrative remedies and exhaustion of the administrative process itself.

> The question whether administrative remedies must be exhausted is conceptually distinct, however, from the question whether an administrative action must be final before it is judicially reviewable.... While the policies underlying the two concepts often overlap, the finality requirement is concerned with whether the initial decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate. *Patsy* concerned the latter, not the former.

*Williamson*, 473 U.S. at 192–93, 105 S.Ct. at 3119–20.

When the residents filed their section 1983 action, they had not exhausted the *process* leading toward "just compensation" because they failed to use Macon–Bibb Land Development Resolution § 27.15 which provides an appeal from Commission decisions through state law certiorari. Therefore, in 1987, the residents could not claim that the Commission and Mullis denied them due process because they had not yet completed the process. Additionally, the residents did not present a ripe taking claim in 1987 because they failed to seek compensation through state law procedures. *See Williamson*, 473 U.S. at 194, 105 S.Ct. at 3120 (taking claim not ripe until plaintiff seeks compensation through state law procedures). *See also First Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987) (requiring states to recognize inverse condemnation claim for damages when zoning regulation amounts to taking). The Supreme Court reminds us that "[a] ... reason the taking claim is not yet ripe is that respondent did not seek compensation through the proce-

dures the State has provided for doing so. The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson,* 473 U.S. at 194, 105 S.Ct. at 3120.

### C. Equal Protection Claim

To demonstrate that the Commission's and Mullis's actions violated the Constitution's equal protection clause, the residents had to prove that the actions resulted in a disproportionate racial impact and that the Commission acted with a discriminatory intent or purpose. *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977). In rare instances, a single invidious discriminatory governmental action may violate equal protection. *Arlington Heights,* 429 U.S. at 266 n. 14, 97 S.Ct. at 564 n. 14.

█ The district court found that the Commission did not act with discriminatory intent when it approved Mullis's application. Instead, the district court concluded:

> [I]t appears to this court that the Commission carefully and thoughtfully addressed a serious problem and that it made a decision based upon the merits and not upon any improper racial animus.

*East Bibb–Twiggs Neighborhood Association v. Macon–Bibb County Planning & Zoning Commission,* 706 F.Supp. 880, 887 (M.D.Ga.1989).

We have reviewed the record and agree with the district court. The residents did not present sufficient evidence to demonstrate that the Commission acted with a discriminatory intent when it approved Mullis's application, or that the Commission engaged in a historical pattern of discriminatory conduct. The Commission's and Mullis's actions, therefore, did not violate the Constitution's equal protection clause.

### VI. CONCLUSION

We conclude that the district court properly dismissed the residents' due process and taking claims without prejudice because the residents failed to present ripe claims. We also conclude that the district court correctly entered judgment for Mullis and the Commission on the residents' equal protection claim because the residents failed to demonstrate that the Commission or Mullis acted with a discriminatory intent when it approved Mullis's conditional land use permit. Accordingly, the orders of the district court are affirmed.

AFFIRMED.