A90A0960. GOMEZ et al. v. METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY et al.

(399 SE2d 536)

BEASLEY, Judge.

Foster and Mark Gomez own four parcels of improved property each of which has a duplex on it. The rear of the properties abuts a railroad right-of-way owned by Southern Railway Company. Prior to 1985, the railway operated two lines of trains on the tracks, which were level with the Gomez properties. In 1985, MARTA's north line was constructed within the boundaries of the right-of-way. The railway, however, changed the configuration of the tracks. Two new tracks were added and an earthen embankment was added immediately adjacent to the rear of the Gomez properties, and the new MARTA tracks and two railway tracks were placed in it. As a result, the tracks are now 50 feet closer to the Gomez property than before.

Mark Gomez lives in one of the duplex units and contends that the installation of the two new tracks has significantly altered the quality of life for himself and for tenants residing in the duplexes. There are extreme vibrations resembling earth tremors which cause doors and dishes to rattle, interfere with sleep and with television reception, and cause the floors to shake. The vibrations are especially bad at night. Gomez claims physical damage to property caused by falling trees and erosion from the embankment, which caused pools of mud to form on the property. As a result of the increased noise and vibrations, Gomez claims tenants have vacated the apartments.

The Gomez brothers brought an inverse condemnation action after MARTA dismissed its condemnation complaint. MARTA's motion for summary judgment was denied, but a directed verdict was granted on the same grounds raised in the motion for summary judgment. Issues of property damage were settled.

Appellants assert as error the trial court's determination that private property owners have no right, as a matter of law, to just and adequate compensation for noise and vibration damages resulting from increased use of preexisting railroad right-of-way.

In *MARTA v. Trussell*, 247 Ga. 148 (273 SE2d 859) (1981), the Supreme Court ruled that a noise and vibration easement could not be acquired by eminent domain because it would imply a right to merely buy a right to damage the servient property. The eminent domain statute, it recognized, only allows the acquisition of property in fee simple or lesser interest. Id. at 151. The Court suggested that if, after construction of the improvement which prompted the condemnation occurs, there is noise and vibration which constitutes a taking or damage of the use and enjoyment of the neighboring private property, "those affected can bring a damage suit in inverse condemnation as provided in the constitution, wherein they will be compensated for

the damages caused by the public body." Ibid.

The trial court laid great store by the proposition that the Gomez brothers could not recover because the original exercise of eminent domain by which Southern Railway had acquired the right-of-way would have taken into account and paid for these potential inverse condemnation damages. But they could not have been part of the taking, as explained in *MARTA*, supra. Besides, they would have been highly speculative at the time. It is unrealistic to expect that the property owner could have anticipated that the intended railroad would be moved 50 feet closer and 30 feet up onto a future-constructed embankment and would cause a measurable amount of noise and vibration affecting use, enjoyment, and property value. The Court pointed this out in *MARTA*, supra at 152.

The Supreme Court also recognized the right to file an inverse condemnation for "increased and uncompensated-for damages." Id. at 152. Even if the Gomez brothers had owned the adjacent property at the time the right-of-way was originally condemned for Southern Railway, they would not then have had the right to recover for inverse condemnation as now claimed, as it would not have then existed. There would not have been a diminution in market value or in use and enjoyment of the property because there would not then have been the interference now shown. See *MARTA v. Datry*, 235 Ga. 568, 577 (220 SE2d 905) (1975).

Plaintiffs did not have to show a physical invasion damaging to property, "only an unlawful interference with [their] right to enjoy [their] possession." *Duffield v. DeKalb County*, 242 Ga. 432, 434 (2) (249 SE2d 235) (1978). As in *Duffield*, it is the "increased" use of the right-of-way, here by additional and closer and higher tracks, and there is some evidence to show this has caused the interference with the right of use and enjoyment (and perhaps disposition). This would not have existed in the original taking, because it was not even contemplated.

A directed verdict was not authorized and the case should have proceeded to the jury.

*Judgment reversed. McMurray, P. J., Banke, P. J., Birdsong, Pope and Cooper, JJ., concur. Carley, C. J., Deen, P. J., and Sognier, J., dissent.*

Deen, Presiding Judge, dissenting.

I must respectfully dissent. Appellants rely upon *Wright v. MARTA*, 248 Ga. 372 (283 SE2d 466) (1981), to support their argument that they are entitled to just and adequate compensation for noise and vibration damages resulting from increased use of the pre-existing railroad right-of-way. *Wright* was a condemnation case, and at issue was the proper measure of consequential damages. In this

case, the condemnation occurred at some unknown date in the past, and the landowner was compensated at that time. Property dedicated to a public use may be put to all customary uses within the definition of that public use. *MARTA v. Datry*, 235 Ga. 568 (220 SE2d 905) (1975). Railroads are not liable for noise and vibrations produced by normal, ordinary, and necessary railroad operation. *Georgia R. & Banking Co. v. Maddox*, 116 Ga. 64 (42 SE 315) (1902). Appellants make no claim that the MARTA and railway operations are not normal, ordinary, and necessary. Relocation of a track, done under lawful authority, does not constitute a nuisance. *Southern R. Co. v. Leonard*, 58 Ga. App. 574 (199 SE 433) (1938). The tracks in question were relocated within the existing right-of-way. I find no error and would affirm.

I am authorized to state that Chief Judge Carley and Judge Sognier join in this dissent.

DECIDED NOVEMBER 15, 1990 —
REHEARING DENIED DECEMBER 4, 1990 —

*McKenney & Froelich, William J. McKenney, David M. Kupsky*, for appellants.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Neely & Player, John T. Ruff*, for appellees.