S91G0422. MARTA et al. v. GOMEZ et al.
(409 SE2d 35)

BENHAM, Justice.

Appellees brought an inverse condemnation action against MARTA and Southern Railway Company seeking to recover damages because of noise and vibration coming from the Southern Railway right-of-way abutting appellees' property. The evidence at trial showed that Southern Railway tracks were moved 50 feet closer to appellees' property, but still within the right-of-way, during the 1985 construction of MARTA's north line, and that a 30-foot high embankment was built behind appellees' property, also inside the existing right-of-way. The noise and vibration of which appellees complain is that produced by the operation of Southern Railway trains, operations which appellees concede are normal and have not increased. The trial court directed a verdict for the defendants. The Court of Appeals reversed. *Gomez v. MARTA,* 197 Ga. App. 834 (399 SE2d 536) (1990). We granted the writ of certiorari to consider whether the relocation of a railroad track within an existing right-of-way can give rise to a cause of action, and whether increased or changed use of a right-of-way can constitute a taking for which compensation is constitutionally required. Under the facts of this case, we answer both questions in the negative.

This court established in *Duffield v. DeKalb County,* 242 Ga. 432 (249 SE2d 235) (1978), that a condemnor's maintenance of a nuisance which amounts to a taking of property will support a claim for inverse

condemnation. However, it has long been the law of this state that railroads constructed and operated in a proper manner cannot be adjudged a nuisance. *Georgia R. &c. Co. v. Maddox*, 116 Ga. 64 (4) (42 SE 315) (1902). Since property dedicated to a public use[1] may be put to all customary uses within the definition of the use (*Brown v. City of East Point*, 148 Ga. 85 (3) (95 SE 962) (1918)), and there is no question but that railroad operations are the customary and proper use of the right-of-way in question, application of the holding in *Georgia R. &c. Co.*, supra, requires the conclusion that the railroad operations involved here are not a nuisance. That being so, appellees have no right to recover against appellants in inverse condemnation.

The Court of Appeals and appellees relied heavily on this court's decision in *MARTA v. Trussell*, 247 Ga. 148 (273 SE2d 859) (1981). That case involved a condemnor's attempt to take by eminent domain an easement for noise and vibration. This court ruled that such an easement, in effect a right to damage property, could not be taken. The alternatives to such a taking were for the condemnor to take the entire fee of the affected property or to continue with construction and wait to see whether damages ensued. If they did, an action for inverse condemnation would arise. That holding is in no way inconsistent with the result reached in this decision. Rather, the proceedings below in the present case were in keeping with the alternatives suggested in *Trussell*. However, although an action for inverse condemnation was the appropriate way to proceed in this case, appellees cannot prevail in the suit for the reasons given above. Appellees' reliance on *Duffield*, supra, is likewise misplaced. What the Court of Appeals characterized as "increased" use of the right-of-way appears from the record to be no more than a different use of the right-of-way. In fact, it was conceded by appellees in the trial court that their claim was not based on increased traffic in the right-of-way, but merely the relocation of the tracks.

In summary, although appellees followed the correct procedure in seeking compensation, the facts of this case and the long-standing law of this state regarding the use of a railroad right-of-way mandate the denial of their claim.

*Judgment reversed. All the Justices concur.*

---

[1] We pretermit in this discussion the question of whether the right-of-way in question was originally acquired by condemnation or purchase, and whether the railroad operations thereon are the activities of an entity with condemnation powers; appellees would otherwise have no right to bring an action for inverse condemnation since that right rests on the taking of private property for public purposes.

DECIDED OCTOBER 3, 1991 —
RECONSIDERATION DENIED NOVEMBER 1, 1991.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Neely & Player, John T. Ruff,* for appellants.

*McKenney & Froelich, William J. McKenney, David M. Kupsky,* for appellees.